ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON # 4532
Chief, Major Crimes Section

MARSHALL H. SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 2 2006

at 9 o'clock and 45 min. M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. O2-00521 DAE |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date:  March 22, 2006 |
| | ) | Time:  9:15 a.m. |
| DEBBIE LOUISE YXCOT, | ) | Judge:  Barry M. Kurren |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF PLEA AGREEMENT

        Pursuant to Rule 11 of the Federal Rules of Criminal
Procedure, the UNITED STATES OF AMERICA, by its attorney, the
United States Attorney for the District of Hawaii, and the
defendant, DEBBIE LOUISE YXCOT and her attorney, William Domingo,
Esq., have agreed upon the following:

        1.    The defendant acknowledges that she has been
charged in the Indictment with bank robbery in violation of Title
18, United States Code, Section 2113(a).

2.    The defendant has read the charge against her
contained in the Indictment, and that charge has been fully
explained to her by her attorney.

3.    The defendant fully understands the nature and
elements of the crime with which she has been charged.

4.    The defendant will enter a voluntary plea of
guilty to the one-count Indictment which charges her as follows:

> On or about November 26, 2002, in the District of
> Hawaii, Defendant DEBBIE LOUISE YXCOT did, by
> intimidation, take from the person and presence of
> another money belonging to, and in the care, custody,
> control, management, and possession of the First
> Hawaiian Bank, a bank as defined in Title 18, United
> States Code, Section 2113(f).
>
> In violation of Title 18, United States Code,
> Section 2113(a).

In exchange for the defendant's willingness to plead guilty as
charged, the government agrees to jointly recommend to the Court
that she be sentenced to time served.  The government's agreement
to do so is based upon the lengthy amount of time that the
defendant already has spent incarcerated during the various times
that she was being evaluated for competency.  The government's
agreement also is premised upon the defendant remaining in
custody pending sentencing.  If the defendant is released from
custody before sentencing, then the government no longer is bound
by its commitment to recommend that the defendant receive a
sentence of time served.

2

5.   The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   The defendant enters this plea because she is in fact guilty of committing the bank robbery as charged in the Indictment.

7.   The defendant understands that despite the government's intention to recommend that she be sentenced to time served, the Court can sentence her up to the maximum statutory penalties, which are: (a) up to twenty years of imprisonment; (b) a fine of up to $250,000; and (c) a term of supervised release of not less than two years and not more than three years; and (d) a special assessment of $100.

8.   Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

(a) On November 26, 2002, the defendant entered the First Hawaiian Bank, Chinatown Branch, located at 2 North Hotel Street, in the District of Hawaii, and she gave a note to a teller who was located at teller station number 6.  The note stated, "This is a hold up, I have a gun."

(b) Because the teller was afraid for her safety and for the safety of others in the bank, she reached into her

3

cash draw and took out money and gave it to the defendant.  The total of the money taken by the defendant was $1149.00 in U.S. currency.

(c) Shortly thereafter, the police approached the defendant because she matched a description of the bank robber. When the defendant saw a police officer approaching her, the defendant fled.  The police officer soon caught her.

(d) While she was detained by the police officer, the defendant began to cry and spontaneously uttered, "It's not fair, he told me to do it.  I gave him the money.  I put all of it in his black backpack.  I don't even know him.  He said to put the money in the bag and that he was going to catch a taxi to Halekoa Hotel to buy ma'a" (which is a street name for crack cocaine).  The defendant did not have any of the stolen money on her person at the time she was arrested.

(e) The assets of First Hawaiian Bank, Chinatown Branch, are insured by the Federal Deposit Insurance Corporation and, as such, it is a "bank" within the meaning of Title 18, United States Code, Section 2113(a).

9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense

4

behavior and that accepting this agreement will not undermine the statutory purposes of sentencing.

10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

(i)  the parties agree that the facts set forth above in paragraph eight are incorporated herein by reference;

(ii) There are no stipulations regarding offense level (except with respect to acceptance of responsibility as set forth below);

(iii) Based upon information presently known to the government, the government agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a).  The government further agrees that because the defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources

5

efficiently, the defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b) if her total offense level is 16 or greater;

           (iv)  The defendant understands that notwithstanding its present intentions, and still within the agreement, the government reserves the rights (1) to argue that the defendant has not accepted responsibility and has obstructed justice in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the government's intentions or the court requests that evidence be presented on that issue; and

           (v) as stated above in Paragraph 4, the government agrees to recommend to the Court that the defendant be sentenced to time served so long as she remains in custody pending sentencing.

      11.  The parties agree that notwithstanding the parties' agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

      12.  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in

dispute for the purpose of sentencing of Defendant in connection
with this matter: none.

13.    The defendant is aware that she has the right to
appeal her conviction under Title 28, United States Code, Section
1291 and Federal Rule of Appellate Procedure 4(b).  She also is
aware that she has a right to appeal the sentence imposed under
Title 18, United States Code, Section 3742(a).  The defendant
knowingly waives the right to appeal her conviction and any
sentence within the maximum provided in the statute of conviction
or the manner in which that sentence was determined on any ground
whatsoever, in exchange for the concessions made by the
prosecution in this plea agreement.  The prosecution retains its
right to appeal the sentence and the manner in which it was
determined on any of the grounds stated in Title 18, United
States Code, Section 3742(b).

14.    The defendant also waives her right to challenge
her conviction and sentence or the manner in which it was
determined in any collateral attack, including, but not limited
to, a motion brought under Title 28, United States Code, Section
2255, except that the defendant may make such a challenge based
on a claim of ineffective assistance of counsel.

15.    The defendant understands that pursuant to
Guideline 6B1.1(c), this agreement cannot be accepted or rejected
by the Court until there has been an opportunity by the Court to

consider a presentence report. The defendant understands that the
Court will not accept an agreement unless the Court determines
that the remaining charges adequately reflect the seriousness of
the actual offense behavior and accepting the agreement will not
undermine the statutory purposes of sentencing.

16.   The defendant understands that by pleading guilty
she surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not
guilty to the charges against her she would have the right to a
public and speedy trial.  The trial could be either a jury trial
or a trial by a judge sitting without a jury.  The defendant has
a right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.   The
defendant and her attorney would have a say in who the jurors
would be by removing prospective jurors for cause where actual
bias or other disqualification is shown, or without cause by
exercising peremptory challenges.  The jury would have to agree
unanimously before it could return a verdict of either guilty or
not guilty.  The jury would be instructed that the defendant is
presumed innocent, and that it could not convict her unless,

8

after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

(e) At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

17. The defendant understands that by pleading guilty, she is voluntarily, knowingly, and intelligently waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

18.  The defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the defendant to plead guilty.

19.  Should the Court refuse to accept this agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this agreement since the Court is expressly not bound by stipulations between the parties.

20.  The defendant further agrees to be bound by this Memorandum of Plea Agreement and not to seek a withdrawal of the guilty plea that she intends to enter or to withdraw from this Memorandum of Plea Agreement.

21.  If, after signing this Memorandum of Plea Agreement, the defendant nonetheless decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the Plea Agreement and the Court grants that motion, the defendant agrees that any statements that she makes to law enforcement agents or to the United States Attorney's Office for the District of Hawaii may be used against her in any trial brought against the defendant.  The defendant further agrees that any admission of guilt that she makes by signing this Plea Agreement or that

10

she makes while pleading guilty as set forth in this agreement
may be used against her in a subsequent trial if the defendant
later proceeds to trial.  The defendant voluntarily, knowingly,
and intelligently waives any protection afforded by Rule 11(f) of
the Federal Rules of Criminal Procedure and Rule 410 of the
Federal Rules of Evidence regarding the use of statements made in
this Plea Agreement or during the course of pleading guilty when
the guilty plea is later withdrawn.

     22.  The defendant understands that the prosecution
will apprise the Court and the United States Probation Office of
the nature, scope and extent of the defendant's conduct regarding
the charges against her, related matters, and any matters in
aggravation or mitigation relevant to the issues for sentencing.

     DATED:  Honolulu, Hawaii, _____3/22/06_____.

AGREED:


EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


_____
RONALD G. JOHNSON
Violent Crimes Section Chief


_____
MARSHALL H. SILVERBERG
Assistant U.S. Attorney


_____ 3-22-06
DEBBIE LOUISE YXCOT
Defendant


_____
WILLIAM DOMINGO, Esq.
Attorney for Defendant
DEBBIE LOUISE YXCOT


11